S. Michael Kernan, State Bar No.181747
mkernan@kernanlaw.net
R. Paul Katrinak, State Bar No. 164057
pkatrinak@kernanlaw.net
THE KERNAN LAW FIRM
9663 Santa Monica Blvd Suite 450
Beverly Hills, California 90210
Telephone: (310) 490-9777
Facsimile: (310) 861-0503

Attorneys for Defendant
MR FURLEYS 3RD ST, INC.

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND HORTON, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>MR FURLEYS 3RD ST, INC.; 3'S COMPANY ON 3RD, LLC; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case Number: 2:26-CV-10935<br><br>Assigned for all purposes to the Honorable R. Gary Klausner<br><br>**DECLARATION OF S. MICHAEL KERNAN IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) AND REGARDING COMPLIANCE WITH LOCAL RULE 7-3**<br><br>Date: December 21, 2026<br>Time: 9:00 a.m.<br>Crtrm: 850<br><br>[Notice of Motion and Motion To Quash Service of Summons And Complaint Filed Concurrently] |

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

# DECLARATION OF S. MICHAEL KERNAN

I, S. Michael Kernan, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and counsel of record for Defendants MR FURLEYS 3RD ST, INC. ("Defendant") in this action. I submit this declaration in support of Defendant's Motion to Quash Service of Summons and Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), and to establish compliance with the meet-and-confer requirements of Central District of California Local Rule 7-3. I have personal knowledge of the matters set forth herein, except where expressly stated to be based upon information provided to me, and if called as a witness, I could and would competently testify thereto.

2. Plaintiff Garland Horton commenced this action on September 23, 2026, alleging violations of the Americans with Disabilities Act, the Unruh Civil Rights Act, the California Disabled Persons Act, and negligence. The complaint concerns alleged accessibility barriers at a bar located at 8445 West Third Street, Los Angeles, California. The complaint names MR FURLEYS 3RD ST, INC. and 3'S COMPANY ON 3RD, LLC as defendants.

3. A dispute has arisen concerning whether Defendant was properly served with the summons and complaint. I am informed that Defendant's registered agent for service of process was not served. Based upon the information presently available to me, I have not been able to determine the precise circumstances of the purported service, including the identity of the individual who allegedly received the summons and complaint, that individual's position or authority, or whether the requirements for service upon a corporation or limited liability company under Federal Rule of Civil Procedure 4 were satisfied.

4. On November 6, 2026, I participated in a telephone conference with Plaintiff's counsel concerning this lawsuit and the validity of the purported service of process. During that conversation, Plaintiff's counsel represented that service had

been accomplished by having a process server enter the bar. Plaintiff's counsel did not establish during that conversation that the summons and complaint had been delivered to Defendant's registered agent for service of process or otherwise demonstrate that the individual who allegedly received the papers was legally authorized to accept service on Defendant's behalf.

5. During the November 6, 2026 telephone conference, the parties expressly discussed their respective positions concerning the validity of service. I advised Plaintiff's counsel that Defendant disputed the validity of service because the registered agent had not been served and there was insufficient information establishing that service had otherwise been accomplished in compliance with Federal Rule of Civil Procedure 4. Plaintiff's counsel disagreed with our position and maintained that service was valid based upon the process server having entered the bar. Thus, the parties directly addressed the substance of the contemplated motion and the grounds upon which Defendant intended to challenge service.

6. The parties also discussed the possibility of resolving the service dispute without the necessity of motion practice. I explained that Defendant had tendered this lawsuit to its liability insurance carrier and was awaiting a response from the carrier concerning its handling of the claim and the defense of this action. I further explained that Defendant was working to obtain the necessary authority from the insurance carrier to address the litigation and potentially agree to a waiver of service or another mutually acceptable procedure for proceeding with the case.

7. I advised Plaintiff's counsel that Defendant was not attempting to avoid the litigation and that the service dispute would likely be resolved by agreement if the insurance carrier provided the necessary authority. Defendant is actively pursuing a response from its insurance carrier, and I anticipate that the parties may be able to reach an agreement concerning service once the carrier's position and authority are obtained. However, as of the date of this declaration, the insurance carrier has not provided the necessary response or authority, and no agreement concerning waiver

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

of service has been reached.

8. The November 6, 2026 telephone conference was conducted for the purpose of satisfying the requirements of Central District of California Local Rule 7-3. During that conference, the parties discussed the substance of Defendant's contemplated motion, their respective legal and factual positions, and the possibility of resolving the dispute without court intervention. Defendant maintained that service was invalid, while Plaintiff maintained that service was valid. Although the parties discussed a potential resolution through a waiver of service once the insurance carrier provided the necessary authority, they were unable to reach an agreement. Accordingly, the parties met and conferred in good faith but were unable to resolve their disagreement concerning the validity of service.

9. Defendant's position throughout these discussions has been that Plaintiff must comply with the applicable requirements for service of process before Defendant is required to respond to the merits of the complaint, unless Defendant voluntarily agrees to waive service. Defendant has not authorized a waiver of service, and I have not executed or otherwise agreed to any such waiver on Defendant's behalf. Defendant nevertheless remains willing to discuss an appropriate resolution once the insurance carrier has responded and the necessary authority has been obtained.

10. Defendant is not bringing this motion for purposes of delay or to avoid addressing the substance of Plaintiff's allegations. Rather, the motion is necessary to preserve Defendant's rights under Federal Rule of Civil Procedure 12(b)(5) while the parties address the disputed service and Defendant continues working with its insurance carrier. Defendant seeks an orderly resolution of the procedural issue, preferably by agreement, without unnecessary litigation or expense. However, in the absence of an agreement concerning service, Defendant must preserve its objection to the purported service of the summons and complaint.

11. Based upon the foregoing, Defendant respectfully requests that the

Court quash the purported service of the summons and complaint, without prejudice to Plaintiff's ability to accomplish proper service or the parties' ability to agree upon a waiver of service. Defendant further requests that its deadline to respond to the complaint be governed by Federal Rule of Civil Procedure 12(a)(4) and any further order of the Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed by me on this 13th of November, 2026.

S. Michael Kernan

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 9663 Santa Monica Boulevard, Suite 458, Beverly Hills, California 90210.

On November 16, 2026, I served the foregoing document(s) described as:

**DECLARATION OF S. MICHAEL KERNAN IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) AND REGARDING COMPLIANCE WITH LOCAL RULE 7-3**

on the interested parties to this action addressed as follows:

Jason Theodore Soller (SBN 306137)
Adina Hunter (SBN 362332)
OPEN ACCESS LAW, APC
5815 W. Sunset Blvd., Ste. 206
Los Angeles, CA 90028
cm@oaxlaw.com
Phone: (213) 401-4114

(BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid and addressed to the person above.

(BY PERSONAL SERVICE) by causing a true and correct copy of the above documents to be hand delivered in sealed envelope(s) with all fees fully paid to the person(s) at the address(es) set forth above.

**X** (BY EMAIL) I caused such documents to be delivered via electronic mail to the email address for counsel indicated above.

Executed November 16, 2026, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

S. Michael Kernan

THE KERNAN LAW FIRM
9663 Santa Monica Blvd., Suite 450
Beverly Hills, California 90210
(310) 490-9777